UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— X
                                   :

In re:                         :        Chapter 11
                                   :

BAYOU GROUP, LLC, *et al.*,    :        Case No. 06-22306 (ASH)
                                   :

               Debtors.    :        Jointly Administered
———————————————————————— X

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF CLASS PLAINTIFFS TO PARTIALLY WITHDRAW THE REFERENCE OF THE BAYOU BANKRUPTCY CASES PURSUANT TO 28 U.S.C. § 157(d) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 5011(a)

ADELMAN LAVINE GOLD AND LEVIN,
A Professional Corporation
Gary M. Schildhorn, Esq. (GS2557)
William R. Hinchman, Esq. (WH3631)
Jennifer R. Hoover, Esq. (JH7389)
Jonathan M. Stemerman, Esq. (JS8250)
4 Penn Center, Suite 900
Philadelphia, PA 19103
Telephone: (215) 568-7515
Facsimile: (215) 557-7922

*Attorneys for Broad-Bussel Limited Partnership, Marie Louise Michelsohn, Michelle Michelsohn and Herbert Blaine Lawson, Jr., individually and on behalf of all other persons and entities similarly situated*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. ii

I.    PRELIMINARY STATEMENT ................................................... 1

II.   STATEMENT OF THE RELEVANT FACTS ..................................... 2

      A.    The Class Plaintiffs' Amended Class Action Complaint and
            the Multidistrict Litigations ...................................................... 2

      B.    The Debtors' Bankruptcy Cases ............................................... 5

      C.    The Class Plaintiffs' Motion for Declaratory Relief ........................... 5

III.  ARGUMENT ................................................................... 6

      A.    Cause Exists for the District Court to Grant the Class
            Plaintiffs' Motion for Partial Withdrawal of the
            Reference Pursuant to 28 U.S.C. § 157(d) ..................................... 6

            1.    The District Court's Partial Withdrawal of the Reference in
                  Connection with the Motion for Declaratory Relief is Essential to
                  Preserve the Higher Interest of Judicial Economy ................... 8

                  a.    The Multidistrict Litigations, as well as Other Criminal,
                        Civil and Regulatory Proceedings, are Already Pending
                        before Judge McMahon of the District Court .............. 11

IV.   CONCLUSION ................................................................ 14

## TABLE OF AUTHORITIES

### *FEDERAL CASES*

1800Postcards, Inc. v. Morel,
     153 F. Supp. 2d 359 (S.D.N.Y. 2001) …………………………………………... 9

In re Burger Boys, Inc.,
     94 F.3d 755 (2d Cir. 1996) ……………………………………………….…… 8

In re DeLorean Motor Co.,
     49 B.R. 900 (Bankr. E.D. Mich. 1985) …………………….……………….. 13

In re Enron Corp.,
     C.A. No. 04-7950 (NRB), 2005 WL 354856
     (S.D.N.Y. Feb. 15, 2005) ……………………………………………….…...… 9

In re Fisher,
     202 B.R. 341 (E.D.N.Y. 1996) ……………………………………….……… 9

In re First Alliance Mortgage Co.,
     282 B.R. 894 (C.D. Cal. 2001) ………………………………………………. 7

In re Gibson & Cushman Dredging Corp.,
     100 B.R. 634 (E.D.N.Y. 1989) …………………………………………….... 7

In re Houbigant, Inc.,
     185 B.R. 680, 686 (S.D.N.Y. 1995) ……………………………………….…. 9

In re Jackson Brook Institute, Inc.
     280 B.R. 779 (D. Maine 2002) ………………………………………….…… 8

In re Marvel Entertainment Group, Inc.,
     140 F.3d 463 (3d Cir. 1998) …………………………………………………... 7

In re Orion Pictures Corp.,
     4 F.3d 1095 (2d Cir. 1993) ………………………………………………… 9

In re Parmalat Finanziaria S.P.A.,
     320 B.R. 46 (S.D.N.Y. 2005) ……………………………………...… 8, 10-12, 14

In re Recoton Corp.,
     C.A. No. 04-2466 (DLC), 2004 WL 1497570
     (S.D.N.Y. July 1, 2004) ……………………………………………………… 8

Mishkin v. Ageloff,
        220 B.R. 784 (S.D.N.Y. 1998) ......................................................... 9

Security Farms v. International Bhd. Of Teamsters, Chauffers,
        124 F.3d 999 (9th Cir. 1997) ........................................................... 7

Shawmut Bank Connecticut v. Lawrence,
        209 B.R. 588 (N.D.N.Y. 1997) ....................................................... 9

### *FEDERAL STATUTES*

11 U.S.C. § 362 ......................................................................... 5, 6

11 U.S.C. § 1107 .......................................................................... 5

11 U.S.C. § 1108 .......................................................................... 5

28 U.S.C. § 157 .............................................................. 1, 6-8, 14

28 U.S.C. § 754 ........................................................................... 4

28 U.S.C. § 759 ........................................................................... 4

28 U.S.C. § 1407 ........................................................................ 12

28 U.S.C. § 1407 .......................................................................... 4

### *FEDERAL RULES OF PROCEDURE*

Federal Rule of Civil Procedure 66 ........................................... 4

Federal Rule of Bankruptcy Procedure 5011 ............................ 1

Federal Rule of Bankruptcy Procedure 1015 ............................ 5

### *MISCELLANEOUS*

1 *Norton Bankr. L. & Prac. 2d* §8:1 ........................................ 8

9 *Am. Jur. 2d* 594 ...................................................................... 13

## I. <u>PRELIMINARY STATEMENT</u>

Concurrently with the filing of this Memorandum of Law, the Class Plaintiffs,

Broad-Bussel Family Limited Partnership, *et al.* (the "Class Plaintiffs"),[1] individually and

on behalf of other similarly situated persons and entities who, during the period

December 31, 1996 through August 25, 2005 (the "Class Period"), were damaged by

investing in one or more of the Bayou ("Bayou") family of hedge funds, have filed a

motion (the "Motion") to partially withdraw the reference of Bayou's pending

bankruptcy proceeding in accordance with 28 U.S.C. § 157(d) and Federal Rule of

Bankruptcy Procedure 5011(a). Specifically, the Class Plaintiffs seek the withdrawal of

the Motion of Class Plaintiffs for Declaratory Relief ("Motion for Declaratory Relief"),

which has been filed with the United States Bankruptcy Court for the Southern District of

New York (the "Bankruptcy Court") concurrently herewith.

In light of the multiple government, regulatory and civil proceedings relating to

the collapse of the Bayou family of hedge funds already pending before the District Court

pursuant to the MDL Transfer Order (as defined herein), and the District Court's

understanding of the facts and circumstances relating to the demise of the Bayou family

of hedge funds, and upon a showing of "cause" as set forth below, the Class Plaintiffs

request that the District Court partially withdraw the reference of the bankruptcy cases in

accordance with 28 U.S.C. § 157(d).

---

[1] The "Class Plaintiffs" consist of the Broad-Bussel Family Limited Partnership, Mary-Louise Michelson, Michelle Michelsohn and Herbert Blaine Lawson, Jr., individually and on behalf of all similarly situated Bayou hedge fund investors, in the proceedings captioned <u>Broad-Bussel Family Limited Partnership, et al. v. Bayou Group LLC, et al.,</u> Civil Action No. 06 Civ. 3026 (CM) (S.D.N.Y.) (the "Class Action"). The Class Action is pending before Judge McMahon in the United States District Court for the Southern District of New York (the "District Court"), and the parties there are presently briefing motions to dismiss.

## II. <u>STATEMENT OF THE RELEVANT FACTS</u>

**A.     The Class Plaintiffs' Amended Class Action Complaint
       and the Multidistrict Litigation**

On November 17, 2005, a Class Action Complaint was filed in the United States District Court for the District of Connecticut, captioned as Civil Action No. 3:05-CV-01762-JBA, and subsequently amended on March 6, 2006, (the "Amended Class Action Complaint"). On December 30, 2005, the Class Plaintiffs moved before the Judicial Panel on Multidistrict Litigation (the "MDL Panel") to consolidate in a single court all actions related to the Class Action (the "Consolidation Motion"). On or about April 18, 2006, the MDL Panel granted the Consolidation Motion, issuing an Order (the "MDL Transfer Order") that transferred all Bayou-related cases pending in federal courts throughout the country to the District Court -- which had already been presiding over multiple related criminal, civil and regulatory proceedings. A true and correct copy of the MDL Transfer Order is attached hereto as Exhibit "A". The Class Action is currently pending in the District Court at No. 06 Civ. 3026 (CM), as part of coordinated proceedings, captioned <u>In re Bayou Hedge Fund Investment Litigation</u>, MDL No. 1755 (CM), before the Honorable Colleen McMahon. Certain of the defendants in the Amended Class Action Complaint filed for bankruptcy following the filing of the Amended Class Action Complaint and are the Debtors in the bankruptcy case jointly administered at Case No. 06-22306 (ASH), as discussed more fully below.

The Class Plaintiffs are representatives of the proposed Class in the Class Action consisting of those investors who, during the Class Period, invested in one or more of the Bayou ("Bayou") family of hedge funds and were damaged thereby. Beginning on August 25, 2005, Bayou collapsed amid allegations that it had been run as a Ponzi

scheme, and its principals, Samuel Israel and Daniel Marino, have pleaded guilty to

multiple criminal counts and are awaiting sentencing.  As a result of the frauds, investors

lost hundreds of millions of dollars in their investments in one or more of the Bayou

entities.  The Class Action asserts fifteen (15) counts (the "Class Action Counts") against

twenty-eight (28) defendants, nine (9) of which defendants filed for bankruptcy

protection subsequent to the filing of the Amended Class Action Complaint.  In addition

to the Debtors, as that term is defined *infra*, the defendants named in the Amended Class

Action Complaint are Bayou Securities, LLC, Bayou Offshore Fund, LLC, Bayou

Partners, LLC, Bayou Securities, LTD, IM Partners, IMG, LLC, Samuel Israel, III,

Daniel E. Marino, Richmond-Fairfield Associates, CPA, PLLC, James G. Marquez,

Jeffrey F. Fotta, Equity Research and Management, LLC, Equity Research and

Management LTD, Citibank, N.A., Faust Rabbach & Oppenheim LLP, Steven D.

Oppenheim, Hennessee Group LLC, Elizabeth Lee Hennessee and Charles J. Gradante

(collectively, the "Non-Debtor Third Party Defendants").

In addition to the Class Action, numerous related civil proceedings have been

transferred to Judge McMahon based upon the MDL Transfer Order for coordinated

pretrial proceedings, including Jewish Federation of Metropolitan Chicago v. Bayou

Management, LLC, et al., C.A. No. 3:05-1401 (D. Conn.); DePauw University v.

Hennessee Group LLC, et al., C.A. No. 2:05-249 (S.D. Ind.); South Cherry Street LLC v.

Hennessee Group LLC, et al., No. 7:06-cv-02943-CM (S.D.N.Y.) and Thomas Gleason v.

Bayou Management, LLC et al., C.A. No. 7:05-8532 (S.D.N.Y.) (collectively, with the

Class Action, defined herein as the "Multidistrict Litigations"). [2]  In addition to the

Multidistrict Litigations, also pending before Judge McMahon are three government civil

actions regarding the Bayou hedge funds brought against certain defendants by the

Securities Exchange Commission, the Commodity Futures Trading Commission, and the

United States Attorney for the Southern District of New York, as well as the criminal

proceedings against the Bayou hedge funds' key principals, Samuel Israel, III and Daniel

E. Marino -- who have pleaded guilty to multiple counts of criminal fraud and other

charges in connection with their operation of the Bayou hedge funds. [3]  See Exhibit "A",

MDL Transfer Order, p.2.

On or about April 28, 2006, the District Court, in the Unofficial On-Shore

Creditors' Committee of the Bayou Family of Companies v. Bayou Group, LLC et al.,

(7:06-CV-029379/MDL-1755), entered an order (the "Receiver Order") appointing Jeff J.

Marwil, Esquire as receiver (the "Receiver") of the entities comprising the Debtors (as

defined below), as well as Bayou Securities, LLC, pursuant to 28 U.S.C. §§ 754, 759, and

1692 and Federal Rule of Civil Procedure 66.   A true and correct copy of the Receiver

Order is attached hereto as Exhibit "B".  The Receiver was charged with taking full and

exclusive control over the Debtors.  Pursuant to the Receiver Order, Mr. Marwil is the

"sole and exclusive managing member and representative of [the Debtors] with the sole

---

[2]  Moreover, Travis Co. Joint Venture, et al. v. Hennessee Group LLC, 5:06-cv-00146-
FB (W.D. Tex.) is currently subject to proceedings to determine whether it should
properly be transferred to the District Court.

[3]  Those actions are captioned Commodity Futures Trading Commission v. Bayou
Management, LLC, et al., No. 7:05-cv-08374-CM, SEC v. Samuel Israel III, No. 7:05-cv-
8376-CM, United States of America v. All Assets of Bayou Accredited Fund, LLC, et
al., No. 7:05-cv-07722-CM, USA v. Marino, No. 7:05-cr-01036-CM, and USA v. Israel
III, No. 7:05-cr-01039-CM.

and exclusive power and authority to manage and direct the business and financial affairs of [the Debtors] . . . ."  Receiver Order at ¶ 7(e).

**B.    The Debtors' Bankruptcy Cases**

On or about May 30, 2006, defendants Bayou Group LLC, Bayou Management LLC, Bayou Fund, LLC, Bayou Superfund, LLC, Bayou Affiliates Fund, LLC, Bayou Advisors, LLC, Bayou Equities, LLC, Bayou No Leverage Fund, LLC and Bayou Accredited Fund, LLC (the "Debtors") filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  Pursuant to Bankruptcy Rule 1015(b), on or about May 31, 2006, an Order was entered by the Bankruptcy Court (the "Bankruptcy Court") directing the procedural consolidation and joint administration of the chapter 11 cases of Bayou Group, LLC and its direct and indirect debtor subsidiaries and affiliates.  The Debtors, under the control of Mr. Marwil, are debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.  On or about June 15, 2006, the Official Committee of Unsecured Creditors was appointed (the "Committee").

**C.    The Class Plaintiffs' Motion for Declaratory Relief**

By letter dated July 20, 2006, the Receiver informed the Class Plaintiffs in the Class Action that the Debtors had filed for bankruptcy, and asserted that "various causes of action" brought by the Class Plaintiffs "are clearly property of the Debtors' estates" and further that prosecution of the Class Action violated the automatic stay imposed by 11 U.S.C. § 362(a).  See Letter dated July 20, 2006, a true and correct copy of which is attached hereto as Exhibit "C".  The following day, the Class Plaintiffs responded to the Receiver seeking clarification regarding: (a) specifically which of the fifteen (15)

separate Class Action Counts the Receiver believes are exclusively estate claims; and (b) how, in the Receiver's view, the continued prosecution of the Class Action will have a direct and immediate impact on estate assets. See E-mail from Larry Lederer, Esq. to Jeffrey H. Schwartz, Esq. dated July 21, 2006, a true and correct copy of which is attached hereto as Exhibit "D". The Class Plaintiffs also sent a letter to the Receiver on July 24, 2006 reiterating their request that the Receiver respond to those two issues. The Class Plaintiffs (through their counsel) have also telephoned the Receiver's counsel in a further effort to address these issues. The Receiver has failed to respond to any of the Class Plaintiffs' requests for clarification.

The Receiver has neither filed a Suggestion of Bankruptcy in the Class Action, nor has he sought to enjoin the Class Action as to the Non-Debtor Third Parties.

Concurrently with the filing of this Motion, under the circumstances and in order to ensure that the Class Plaintiffs are not unintentionally violating the provisions of 11 U.S.C. § 362(a), the Class Plaintiffs have filed a motion with the Bankruptcy Court seeking declaratory relief that their Class Action claims against Non-Debtor Third Party Defendants are not in violation of the automatic stay.

### III. ARGUMENT

**A.    Cause Exists for the District Court to Grant the Class Plaintiffs' Motion for Partial Withdrawal of the Reference Pursuant to 28 U.S.C. § 157(d).**

District courts rather than bankruptcy courts have original jurisdiction over all bankruptcy matters. However, a district court may "automatically refer" all bankruptcy matters to the bankruptcy court pursuant to 28 U.S.C. § 157(a), which provides that "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be

referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a); see also the

Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for

the Southern District of New York, dated July 10, 1984.

However, a district court subsequently "may withdraw, in whole *or in part*, any

case or proceeding [referred to a bankruptcy court], on its own motion or on timely

motion of any party, for *cause* shown." 28 U.S.C. § 157(d) (emphasis added).  The Class

Plaintiffs and the Class they seek to represent, were damaged by investing in one or more

of the Bayou hedge funds.  As such, they are creditors of one or more of the Debtors and

are "parties" with standing to file the Motion.  28 U.S.C. § 157(d).  In addition, the Class

Plaintiffs have timely filed their Motion.  See In re Gibson & Cushman Dredging Corp.,

100 B.R. 634, 639 (E.D.N.Y. 1989).  A motion to withdraw the reference from a

bankruptcy court is timely, if made as promptly as possible in light of the developments

in the bankruptcy proceedings.  See Security Farms v. International Bhd. Of Teamsters,

Chauffers, Warehousemen & Helpers, 124 F.3d 999, 1007 n.3 (9th Cir. 1997).   In

particular, the Class Plaintiffs have proactively and timely filed this Motion, in light of

the Receiver's July 20, 2006 letter.

Section 157(d) authorizes the permissive withdrawal of the reference, at any

stage, for "cause shown".  This authority may be exercised by a district court with respect

to a part of or the entirety of a bankruptcy case.  See In re Marvel Entertainment Group,

Inc., 140 F.3d 463, 468 (3d Cir. 1998) (discussing the withdrawal of the Marvel cases

from the bankruptcy court and their transfer to the district court); see also In re First

Alliance Mortgage Co., 282 B.R. 894 (C.D. Cal. 2001) (in which party requested

permissive withdrawal of bankruptcy case).  Further, 28 U.S.C. § 157(d) authorizes the

withdrawal of the reference for only a part of the bankruptcy case as well. See 1 Norton

Bankr. L. & Prac. 2d  § 8:1 (discussing that an entire case may be withdrawn, an entire

proceeding may be withdrawn, or a proceeding, initiated by motion within a proceeding,

such as a summary judgment motion, may itself be withdrawn); see also In re Jackson

Brook Institute, Inc., 280 B.R. 779 (D. Maine 2002) (seeking to withdraw the reference

of declaratory judgment claims asserted by insurer for determination as to whether policy

provided corporate debtor's former chief executive officer with coverage for claims

asserted against him by trustee); In re Recoton Corp., C.A. No. 04-2466 (DLC), 2004 WL

1497570, at *4 (S.D.N.Y. July 1, 2004) (determining whether, *inter alia*, a discovery

motion may be permissively withdrawn); see also In re Burger Boys, Inc., 94 F.3d 755

(2d Cir. 1996) (permitting withdrawal of reference by District Court as to motion to

extend time to assume or reject lease).  Here, the Class Plaintiffs seek relief limited to the

partial withdrawal of the reference, exclusively so that the District Court may adjudicate

the Class Plaintiffs' Motion for Declaratory Relief that has been concurrently filed with

the Bankruptcy Court.

  **1.**    **The District Court's Partial Withdrawal of the Reference in**
        **Connection with the Motion for Declaratory Relief is Essential to**
        **Preserve the Higher Interest of Judicial Economy.**

   The Class Plaintiffs, as the movants, have the burden of establishing that cause

exists for withdrawal of the reference.  Section 157(d) does not define "cause", but the

"Second Circuit has noted that factors relevant to the determination include 'whether the

claim or proceeding is core or non-core, whether it is legal or equitable, and

considerations of efficiency, prevention of forum shopping, and uniformity in the

administration of bankruptcy law.'"  In re Parmalat Finanziaria S.P.A., 320 B.R. 46, 50

(S.D.N.Y. 2005) (Kaplan, J.) (citing to, *inter alia*, 1800Postcards, Inc. v. Morel, 153 F.

Supp. 2d 359, 366 (S.D.N.Y. 2001) and In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2d

Cir. 1993)).

       The Second Circuit has essentially developed a two-prong test in determining

"cause": (1) whether the claim or proceeding is core or non-core; and (2) "[o]nce a

district court makes the core/non-core determination, it should weigh questions of

efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy

administration, the prevention of forum shopping, and other related factors." See

Shawmut Bank Connecticut v. Lawrence, 209 B.R. 588 (N.D.N.Y. 1997).   However, a

District Court may withdraw the reference, regardless of whether a matter is core or non-

core. See Mishkin v. Ageloff, 220 B.R. 784, 800 (S.D.N.Y. 1998) (discussing that the

core/non-core distinction is not dispositive in determining whether to withdraw

reference).  In Mishkin, the court stated that the "critical question is efficiency and

uniformity."  Id. (discussing the holdings in In re Orion Pictures, 4 F.3d at 1100; In re

Houbigant, Inc., 185 B.R. 680, 686 (S.D.N.Y. 1995)).  Although bankruptcy judges are

typically more familiar with the facts and issues surrounding "core" matters, in certain

circumstances, it may be more efficient and uniform for a district court to hear a "core

matter".  See In re Enron Corp., C.A. No. 04-7950 (NRB), 2005 WL 354856, at *3

(S.D.N.Y. Feb. 15, 2005) (discussing permissive withdrawal of reference, and

determining that under the circumstances, it was more appropriate for the district court to

hear core matter, as it was more familiar with the facts and circumstances surrounding it);

see also In re Fischer, 202 B.R. 341, 354 (E.D.N.Y. 1996) (determining that district court

would withdraw reference of motion for relief from stay, a core matter).  Therefore, the

dual concerns of "efficiency" and "uniformity" are key factors in determining that a district court should permissively withdraw the reference of a particular proceeding, even if it is a "core" matter. Those factors weigh heavily in favor of the District Court withdrawing the reference of the Motion for Declaratory Relief, in light of the multitude of proceedings pending before the District Court regarding the collapse of the Bayou family of hedge funds, and the District Court's unique understanding of the facts and circumstances surrounding this matter.

In a recent decision by the District Court, in determining whether to withdraw the reference of a Section 304 proceeding ("Section 304 Proceeding") that was pending before the bankruptcy court, Judge Kaplan relied upon the fact that there was a "higher interest, and that is an overriding consideration of judicial efficiency" in determining that it was appropriate to withdraw the reference to allow the District Court to consider the applicability of any Section 304 Order, especially in circumstances where the District Court had been charged by the MDL Panel with the orderly administration of related pretrial proceedings that were the subject of federal jurisdiction. See Parmalat, 320 B.R. at 50-51.

Here, as in Parmalat, the District Court is already presiding over multiple related criminal, civil, government, regulatory and private actions. Indeed, like the instant case, Parmalat involved multiple criminal and regulatory proceedings, and a class action on behalf of injured investors (defined in the Parmalat decision as the "Securities Fraud Action" and the "Recovery Action"). See id. Parmalat also involved a Section 304 Proceeding that was commenced in the Bankruptcy Court seeking a stay of all

proceedings against the foreign debtors.  Also, certain interested parties in <u>Parmalat</u> subsequently sought the withdrawal of the reference of the Section 304 Proceeding.

The court in <u>Parmalat</u> discussed that "[w]hile the question whether the proceeding sought to be withdrawn is core or non-core is significant, it is not dispositive.  A core proceeding (the Section 304 Proceeding is conceded to be a core proceeding) may be withdrawn *'based upon a finding by the Court that the withdrawal of reference is essential to preserve a higher interest.'"* <u>Parmalat</u>, 320 B.R. at 50 (emphasis added).  In <u>Parmalat</u>, the Court held that it would withdraw the reference of the Section 304 proceeding.

The instant case is plainly analogous to <u>Parmalat</u>.  There is an overriding consideration of judicial efficiency that makes the District Court's withdrawal of the reference of the Motion for Declaratory Relief appropriate.  Even if the Motion for Declaratory Relief is a core matter, the case law clearly demonstrates that this factor is not dispositive as to the determination as to whether permissive partial withdrawal of the reference is appropriate.  In this instance, there is a higher interest that necessitates the withdrawal of the reference of the bankruptcy case, namely, the efficiency and uniformity connected to the Motion for Declaratory Relief being heard by the District Court, which has an in-depth and intimate understanding of the facts and circumstances surrounding the collapse of the Bayou-family of hedge funds and the fraud related thereto.

### a. The Multidistrict Litigations, as well as other criminal and regulatory proceedings, are already pending before Judge McMahon of the District Court.

The Multidistrict Litigations, including the Amended Class Action Complaint, are already before the District Court.  In making the decision to transfer and centralize the

Multidistrict Litigations pursuant to 28 U.S.C. § 1407, the MDL Panel determined that "these four actions [the Multidistrict Litigations defined above] involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share allegations concerning allegedly fraudulent activity in the operation of one or more Bayou investment funds. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." See Exhibit A, MDL Transfer Order. "By centralizing this litigation before Judge Colleen McMahon, who presides over those five government matters and the New York action before the Panel, we are assigning this litigation to a jurist who is familiar with the litigation and has the experience necessary to steer this litigation on a prudent course." Id. Clearly, the MDL Panel has already noted and relied upon judicial efficiency as a major factor weighing in favor of the transfer, and that same factor weighs heavily in favor of withdrawing the reference of the Motion for Declaratory Relief, so that it may be heard before the District Court. Further, the District Court is already familiar with the Class Plaintiffs' claims and has even already issued one ruling in the Class Action. See Broad-Bussel Family Limited Partnership, et al. v. Bayou Group LLC, et al., C.A. No. 06 Civ. 3026 (CM), slip op. (S.D.N.Y. June 6, 2006) (denying motion to stay filed by defendant James Marquez); a true and correct of this Decision and Order is attached hereto as Exhibit "E".

Here, there is an overriding interest that establishes the "cause" necessary for the permissive withdrawal of the bankruptcy case. Admittedly, the "cause shown" test for

permissive partial withdrawal has been defined as both "nebulous" and "amorphous" --
"a test whose definition is created by its application." 9 Am. Jur. 2d Bankruptcy § 594
(citing to, *inter alia*, In re DeLorean Motor Co., 49 B.R. 900 (Bankr. E.D. Mich. 1985)).
However, it is clear that the presumption against withdrawal of the reference may be
readily overcome by another overriding interest -- including, whether judicial economy
would be served by such a withdrawal. Id. This is a case where the permissive
withdrawal of the reference is clearly appropriate and warranted.

In this instance, it is a more efficient allocation of judicial resources for this case
to be heard by the District Court in light of the Multidistrict Litigations already pending
before it and given the District Court's familiarity with the Class Plaintiffs' claims. The
overlapping nature of the facts, circumstances, and issues surrounding the Multidistrict
Litigations already pending before the District Court establishes the "cause" necessary to
withdrawal the reference of the Motion for Declaratory Relief. Moreover, to the extent
that the Bankruptcy Court hears the Motion for Declaratory Relief, the losing party will
likely appeal to the District Court.

Moreover, there is no issue in the circumstances here as to whether the Class
Plaintiffs are merely forum shopping. To the contrary, the Class Plaintiffs originally filed
their Class Action in the District of Connecticut, where the Debtor defendants were
located, and thereafter, the Class Plaintiffs were movants before the MDL Panel to have
related litigations transferred to a single federal forum. The Class Plaintiffs' litigation
and other actions were then transferred to the Southern District of New York -- where the
Class Plaintiffs have continued to litigate their claims against the non-Debtor defendants.
Accordingly, the Class Plaintiffs are now seeking merely to continue litigating their

13

claims before the Court that has been adjudicating those claims since the transfer by the MDL Panel and thus there can be no question that the Class Plaintiffs are not seeking to forum shop.  Accord In re Parmalat Finanziaria S.P.A., 320 B.R. at 50-51.

In summary, the same factors that weighed in favor of the transfer and centralization of the Multidistrict Litigations before the District Court, weigh in favor of the District Court's withdrawal of the reference, namely -- the preservation of the higher interest of judicial economy.  This interest is substantial, and in light of the unique circumstances of this bankruptcy case, cause exists for the permissive withdrawal of the reference of the Motion for Declaratory Relief pursuant to 28 U.S.C. § 157(d).

## V.  CONCLUSION

For the foregoing reasons, the Class Plaintiffs respectfully request that the District Court withdraw the reference of the Motion for Declaratory Relief that has been filed in the Debtors' jointly administered bankruptcy cases, pursuant to 28 U.S.C. § 157(d) and provide such other and further relief as is just and proper.

Dated:  August 15, 2006                    Respectfully Submitted,
New York, NY


                                           ADELMAN LAVINE GOLD AND LEVIN,
                                           A Professional Corporation


                           By:    */s/ William R. Hinchman*
                                  Gary M. Schildhorn, Esq. (GS2557)
                                  William R. Hinchman, Esq. (WH3631)
                                  Jennifer R. Hoover, Esq. (JH7389)
                                  Jonathan M. Stemerman, Esq. (JS8250)
                                  4 Penn Center, Suite 900
                                  Philadelphia, PA 19103
                                  Telephone: (215) 568-7515
                                  Facsimile:  (215) 557-7922

                                  *Attorneys for Plaintiffs Broad-Bussel Family*
                                  *Limited Partnership Marie-Louise Michelson,*
                                  *Michelle Michelson, and Herbert Blaine Lawson,*
                                  *Jr., individually and on behalf of all persons and*
                                  *entities similarly situated*


OF COUNSEL:

BERGER & MONTAGUE, P.C.
Merrill G. Davidoff, Esq.
Lawrence J. Lederer, Esq.
Lane L. Vines, Esq.
1622 Locust Street
Philadelphia, PA  19103
Telephone:  (215) 875-3000
Facsimile:  (215) 875-4604

KOSKOFF, KOSKOFF, & BIEDER, P.C.
William M. Bloss, Esq.
Neal A. DeYoung, Esq.
350 Fairfield Avenue
Bridgeport, CT  06604
Telephone:  (203) 336-4421
Facsimile:  (203) 368-3244